Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| CARLOS GONZÁLEZ RIVERA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | KLRA202300607 | *RECURSO DE REVISIÓN* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm.: 89221<br><br>Sobre: No concesión del privilegio de libertad bajo palabra |
|---|---|---|

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

Comparece ante este tribunal apelativo, por derecho propio, el Sr. Carlos Luis González Rivera (señor González Rivera o parte recurrente) mediante el recurso de revisión judicial de epígrafe y nos solicita que revoquemos la determinación de la Junta de Libertad Bajo Palabra (Junta o parte recurrida) dictada el 11 de julio del 2023, archivada en autos el día 19 de julio siguiente. En el referido dictamen, la Junta decidió no conceder el privilegio al compareciente.

Por los fundamentos que expondremos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción, ante su presentación tardía.

### I.

El señor González Rivera se encuentra confinado en la Institución Correccional Bayamón 501. Extingue una condena de setenta y nueve (79) años y seis (6) meses por los delitos de escalamiento agravado, robo, secuestro, secuestro agravado, violación e infracciones a la Ley de Armas.

En lo que nos concierne, una vez la Junta adquirió jurisdicción sobre el caso del recurrente, evaluó su expediente para la consideración de la libertad bajo palabra. Celebrada la vista que, según expresa el señor González Rivera, aconteció el 5 de julio de 2023,[1] la Junta determinó probados los siguientes hechos:

> 1. Surge del expediente que el peticionario posee una sentencia pendiente a cumplir en el Estado de New Jersey por la comisión de delitos a nivel federal. Por lo que, el peticionario posee un "detainer" pendiente.
>
> 2. Surge del expediente [que] carece de un amigo consejero y oferta de empleo corroborados por el Programa de Comunidad correspondiente del DCR.
>
> 3. El peticionario carece de una residencia corroborada por el Programa de Reciprocidad del DCR.
>
> 4. Surge del expediente que la Junta le conceda el privilegio de libertad bajo palabra para que así pueda ser trasladado a comenzar a extinguir la sentencia que adeuda en el estado de New Jersey.
>
> 5. Surge de la evaluación psicológica, realizada el 19 de diciembre de 2023 [*sic*] por la Dra. Legna M. Ortega Median, [*sic*] de la Sección Programa de Evaluación y Asesoramiento (SPEA) en Bayamón, que el peticionario presenta varios factores de riesgo entre los cuales encontramos, que niega los delitos imputados referentes a agresión sexual, los delitos por los cuales cumple sentencia atentan contra la integridad humana, cuenta convicciones legales previas en PR y en E.E.U.U., [*sic*] historial adictivo en el uso de sustancias controladas entre otros. Además, cabe señalar según se desprende de las conclusiones realizada[s] en la evaluación psicológica se desprende "que en la prueba de personalidad refleja hipótesis asociadas a pobre control de impulsos, conductas y emociones".
>
> 6. El peticionario se encuentra clasificado en custodia mediana, desde el 25 de enero de 2012, según consta en su expediente.
>
> 7. El peticionario completó tratamiento adictivo el 8 de diciembre de 2021.
>
> 8. El peticionario completó el programa Vivir Sin Violencia el 19 de diciembre de 2022.

---

[1] Apéndice del recurso, Anejo 1.

> 9. El peticionario posee la toma de muestra de ADN realizada el 25 de septiembre de 2015, conforme la Ley 175-1998.

A esos efectos, la Junta acordó denegar la concesión del privilegio al señor González Rivera. No obstante, anticipó una nueva consideración del caso en julio de 2024. Así fue emitido en la correspondiente *Resolución*,[2] archivada en autos el día 19 de julio de 2023, pero cuyo sobre está sellado por el correo el 21 de julio de 2023.[3]

Inconforme, el 3 de agosto de 2023, el señor González Rivera instó oportunamente a la Junta a reconsiderar su decisión.[4] En esencia, arguyó que se arrepentía de los delitos cometidos e intentó subsanar las carencias del expediente, tales como el hogar viable, la amiga consejera y la oferta de empleo. Impugnó también el informe de la Dra. Ortega Medina. La Junta, por su parte, denegó de plano el pedimento, según consta del escrito del señor González Rivera.

Así las cosas, ante el silencio de la Junta, el 31 de octubre de 2023, el recurrente presentó una **segunda** *Petición de Reconsideración* contra la misma *Resolución*.[5] No existe en el expediente ningún pronunciamiento de la Junta. Entonces, el 27 de noviembre de 2023, la parte recurrente incoó el recurso del título ante este foro intermedio. En este, indicó que la determinación administrativa fue notificada el 16 de octubre de 2023.[6] Sin embargo, acotó:

> . . . . . . . .
> 6. El recurrente expone para conocimiento de este Honorable Tribunal y hace constar para el record [*sic*] que **el 1 de [a]gosto de 2023 recibió por correo legal copia de la *[R]esolución* emitida el 11 de [j]ulio de 2023 por la [Junta de Libertad Bajo Palabra], donde [*sic*] el recurrente procedi[ó] a someter su *[P]etición de [R]econsideración* y los fundamentos que tenía para ello.[7]** (Énfasis nuestro).

---

[2] *Íd.*, Anejo 3.

[3] *Íd.*, Anejo 2.

[4] *Íd.*, Anejo 4.

[5] *Íd.* Anejo 38.

[6] Refiérase a la *Revisión Administrativa*, a las págs. 2 y 12, acápite 22.

[7] *Íd.*, a la pág. 4, acápite 6.

Así pues, el recurrente señaló que la Junta cometió los siguientes errores:

> ERRÓ LA JUNTA DE LIBERTAD BAJO PALABRA MEDIANTE CRASO DESEMPEÑO EN EL EJERCICIO DE SUS FUNCIONES NO ACTUÓ DENTRO DEL TÉRMINO DE QUINCE (15) DÍAS CALENDARIOS QUE DISPONE EL REGLAMENTO NÚM. 9232 DE LA [JUNTA DE LIBERTAD BAJO PALABRA], EN SU ARTÍCULO 15.1 INCISO (D) PARA ATENDER Y DECIDIR SI ACOGE LA PETICIÓN DE RECONSIDERACIÓN. QUEDANDO A LA SOBERANA VOLUNTAD Y DISCRECIÓN DE LA JUNTA EL NO CUMPLIR, NI OBSERVAR ESTRICTAMENTE SU REGLAMENTO, LO QUE INDUDABLEMENTE CONSTITUYE UN ERROR MUY FUNDAMENTAL.

> ERRÓ LA JUNTA [DE] LIBERTAD BAJO PALABRA AL VIOLAR EL DEBIDO PROCESO DE LEY, QUE GARANTIZA LA CONSTITUCIÓN DE LOS ESTADOS UNIDOS Y PUERTO RICO, CUANDO NO SE LE OFRECIERON LAS MÍNIMAS GARANT[Í]AS PROCESALES DE UN DEBIDO PROCESO DE LEY EN LA ETAPA DE RECONSIDERACIÓN. LA JUNTA VIOLENT[Ó] SU REGLAMENTO NÚM. 9232 DE LA [JUNTA DE LIBERTAD BAJO PALABRA] EN SU ARTÍCULO 15, INCISO (D), MEDIANTE INDIFERENCIA DELIBERADA NO ACTUÓ DENTRO DE LAS QUINCE (15) DÍAS CALENDARIOS Y NO REPLIC[Ó], NI SOLUCIÓN[Ó] LA *PETICIÓN DE RECONSIDERACIÓN* IGNORANDO LOS RECLAMOS DEL RECURRENTE. SI[E]NDO DICHA ACCIÓN UNA CONTRARI[A] A DERECHO, IRRAZONABLE E ILEGAL LA CUAL EST[Á] VICIADA POR UN ERROR FUNDAMENTAL QUE CONTRADICE LA NOCIÓN MÁS B[Á]SICA Y ELEMENTAL DE LO QUE CONSTITUYE UN PROCEDIMIENTO JUSTO E IMPARCIAL Y BAJO UN MENOSPRECIO.

Analizado el recurso y, a tenor de la determinación arribada, acordamos prescindir del escrito de la parte recurrida "con el propósito de lograr [el] más justo y eficiente despacho", según nos faculta la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

**II.**

Es por todos sabido que las cuestiones relativas a la jurisdicción son de carácter privilegiado y que las mismas deben resolverse con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007); *Arriaga v. FSE,* 145 DPR 122 (1998). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. S.L.G. Szendrey-Ramos v. F. Castillo, supra; García v. Hormigonera Mayagüezana,* 172 DPR 1 (2007). Por esto, **cuando determinado foro carece de jurisdicción, el único proceder correcto en derecho es así declararlo y, consecuentemente, desestimar la controversia sometida a su consideración**. *Vega Rodríguez v. Telefónica,* 156 DPR 584 (2002).

Relativo a la causa que nos ocupa, nuestro ordenamiento establece que un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo debe ser desestimado. *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010)*; Juliá, et als v. Epifanio Vidal,* 153 DPR 357 (2001). Así pues, su presentación carece de eficacia y no produce efecto jurídico alguno, dado a que **no existe autoridad judicial para acogerlo**. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208 (2000).

En cuanto a la materia que atendemos, la revisión judicial constituye el remedio exclusivo para auscultar los méritos de una decisión administrativa. En lo pertinente, la Sección 3.15 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley núm. 38 de 30 de junio de 2017, 3 LPRA sec. 9601, *et seq.* (LPAUG), estatuye que "**[l]a parte adversamente afectada por una resolución** . . . **final** podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución . . . **presentar una moción de reconsideración de la resolución** .

. . La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. **Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente** . . . **desde que expiren esos quince (15) días**. . ." (Énfasis nuestro). 3 LPRA sec. 9655. Añade la disposición legal que "[s]i la fecha de archivo en autos de copia de la notificación de la . . . resolución es distinta a la del depósito en el correo ordinario . . . el término se calculará a partir de la fecha del depósito en el correo ordinario . . ." *Íd.*

Cónsono con lo anterior, la Sección 15.1, *Reconsideración* del *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento 9232 de 18 de noviembre de 2020, dispone como sigue:

> A. **Cualquier parte adversamente afectada por una resolución** u orden parcial o **final, podrá solicitar a la Junta reconsideración** sobre la misma dentro del término de veinte (20) días calendario desde la fecha de archivo en autos de la notificación de la resolución u orden.
>
> B. La solicitud se hará por escrito con el título de "Reconsideración", y podrá ser radicada personalmente, en la Secretaría de la Junta, o por correo electrónico o regular, en cuyo caso se tiene que consignar la palabra "Reconsideración" en el sobre postal.
>
> C. Para determinar la fecha de radicación se atenderá única y exclusivamente a la fecha en que el escrito fue sellado como recibido en la Secretaría de la Junta, durante horas laborables. **Cuando la moción de reconsideración haya sido presentada por un miembro de la población correccional, por derecho propio, la fecha de radicación será el día en que entregó el escrito al funcionario de la institución correccional, quien será responsable de tramitar el envío del escrito a la Junta**.
>
> D. La Junta deberá considerar dicha moción dentro de los quince (15) días calendario desde la fecha de presentación de la moción. **Si la Junta la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente** desde que se notifique dicha denegatoria o **desde que expiren esos quince (15) días**, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días calendario siguientes a la radicación de la moción de

reconsideración. Si la Junta acoge la moción de reconsideración, pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días calendario de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un periodo que no excederá de treinta (30) días calendario adicionales. (Énfasis nuestro).

Por su parte, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, establece lo siguiente:

**Una parte afectada por una** orden o **resolución final de una agencia y que haya agotado todos los remedios provistos** por la agencia o por el organismo administrativo apelativo correspondiente, **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir** de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir **de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**. . . (Énfasis nuestro).

En armonía a lo anterior, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece igual término para la formalización de un recurso administrativo, disponiéndose que el mismo es de carácter jurisdiccional, no susceptible a interrupción.

**III.**

Analizados minuciosamente la información y los documentos incluidos por el recurrente en su recurso de revisión judicial, surge claramente que estamos impedidos de atender el mismo en sus méritos. Como reseñamos, el señor González Rivera impugnó la determinación administrativa emitida el 11 de julio de 2023 por la Junta; cuyo depósito en el correo se selló el 21 de julio de 2023.[8] Aun cuando el término para reconsiderar culminó el 10 de agosto

---

[8] La parte recurrente recibió el dictamen administrativo el 1 de agosto de 2023.

de 2023, el recurrente de manera oportuna interpuso una *Petición de Reconsideración* el 3 de agosto de 2023.

De la propia contención del señor González Rivera en su recurso de revisión judicial y del expediente que revisamos surge que la Junta denegó de plano la solicitud. A esos efectos, el término de treinta (30) días para acudir ante esta *Curia* comenzó a cursar luego de transcurridos los quince (15) días de la presentación de la *Petición de Reconsideración*, esto es, el 18 de agosto de 2023; por lo que el término para presentar el recurso de revisión judicial expiró el 18 de septiembre de 2023.[9]

No obstante, el 31 de octubre de 2023,[10] el recurrente instó, por segunda ocasión, una *Petición de Reconsideración* contra la misma *Resolución*. Si bien el referido documento, a diferencia del primero, tiene a manuscrito una fecha de notificación del 16 de octubre de 2023, el señor González Rivera reconoció en dicho escrito lo siguiente:

> .    .    .    .    .    .    .    .    .
>
> 14. Basado en el record [*sic*] ante ello, el peticionario presenta evidencia contundente que **el 1 de [a]gosto de 2023 mediante el servicio correo legal de la Institución 501 de Bayamón recibi[ó] por correo la *[R]esolución* de la Junta de Libertad Bajo Palabra, objeto de reconsideración**. Así lo afirma, el sello correccional y la firma de la oficial María A. Pacheco Torres, en el sobre legal de la Junta de Libertad Bajo Palabra. (Énfasis nuestro).[11]

Incluso, culminó su escrito con la siguiente nota: "**Esta es la segunda *Petición de Reconsideración* que somete el peticionario** apelando ante la Junta la misma *Resolución*".[12] (Énfasis nuestro).

---

[9] El 17 de septiembre de 2023 fue domingo, por lo que el plazo se extendió al próximo día laborable: lunes, 18 de septiembre de 2023.
[10] Recibido el 2 de noviembre de 2023.
[11] Véase el Apéndice del recurso, Anejo 38, pág. 9, acápite 14.
[12] *Íd.*, pág. 11.

Como se sabe, el ordenamiento procesal administrativo no contempla la presentación de dos escritos de reconsideración contra el mismo dictamen. Asimismo, la Sección 3.15 de la LPAUG, *supra*, provee un término cierto y específico en los casos en que los organismos administrativos, <u>a su entera discreción</u>, deciden denegar de plano una solicitud de reconsideración. Por igual, el Reglamento 9232 reproduce idénticos términos. Nótese, además, que la propia *Resolución* impugnada advirtió adecuadamente a la parte recurrente cómo proceder en esa circunstancia.[13] Por ende, conforme con la Sección 4.2, antes citada, <u>el plazo jurisdiccional para acudir ante esta *Curia* expiró</u>. Esto, debido a que el recurrente presentó su petición de revisión el <u>27 de noviembre de 2023</u>, setenta (70) días tarde, por lo que irremediablemente falló en presentar a tiempo el recurso de revisión del título. Recuérdese que la solicitud de revisión judicial debió presentarse ante este foro intermedio no más tarde de <u>18 de septiembre de 2023</u>.

En fin, resulta forzoso colegir que este tribunal carece de jurisdicción para revisar la *Resolución* recurrida.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de epígrafe por falta de jurisdicción ante su presentación tardía.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[13] Véase el Apéndice del recurso, Anejo 3, a la pág. 3.